IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUSAN MCGINNIS and KEVIN HINDS, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| V. § | No. 3:22-cv-858-S-BN | |
| § | | |
| TERRILL LANCE CARNES, ET AL., § | | |
| § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

On April 15, 2022, Plaintiffs Susan McGinnis and Kevin Hinds, paying the fee to do so, filed a *pro se* complaint against three individuals – identified as a municipal judge for the City of Farmers Branch (the City), a prosecuting attorney for the City's municipal court, and the City's code enforcement officer – alleging that, through proceedings in the City's municipal court (the State Proceedings), these defendants violated Plaintiffs' rights protected by the constitutions of the United States and of the State of Texas and other laws. *See* Dkt. No. 3.

The presiding United States district judge referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

On July 15, 2022, Plaintiffs filed their Voluntary Non-Suit and Request for Dismissal [Dkt. No. 22] (the Notice). The Court then entered an order requiring a response to the Notice or stipulation of dismissal signed by all parties in compliance with Federal Rule of Civil Procedure 41(a)(1)(A)(ii), observing that, because

Defendants answered, "voluntary dismissal is only allowed under either Rule 41(a)(1)(A)(ii) on 'a stipulation of dismissal signed by all parties who have appeared' or under Rule 41(a)(2) 'by court order, on terms that the court considers proper.'" Dkt. No. 23 (quoting FED. R. CIV. P. 41(a)(1)(a)(ii), (a)(2)).

Defendants responded, urging the Court to exercise its authority to dismiss this lawsuit with prejudice on its own motion under Federal Rule of Civil Procedure 12(b)(6) and to award Defendants "all costs of suit including reasonable attorney's fees." Dkt. No. 24.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should decline Defendants' requests and instead enter an order under Federal Rule of Civil Procedure 41(a)(2) dismissing this action without prejudice.

**Applicable Background**

On April 19, 2022, the Court entered an order [Dkt. No. 6] requiring that Plaintiffs file a written response to show the Court that it has subject matter jurisdiction over this lawsuit by specifically explaining how the *Rooker-Feldman* doctrine does not apply to their case. *See, e.g.*, *Nunu v. Texas*, No. 21-20446, 2022 WL 820744, at *1 (5th Cir. Mar. 17, 2022) (per curiam) ("The *Rooker-Feldman* doctrine holds that inferior federal courts lack jurisdiction 'to modify or reverse state court judgments' except when authorized by Congress." (quoting *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013))).

That response was also to explain whether or not the State Proceedings were

pending at the time that Plaintiffs instituted this action and, if they were, explain why the Court should not abstain under *Younger v. Harris*, 401 U.S. 37 (1971).[1]

On May 9, 2022, Defendants answered the original complaint. *See* Dkt. Nos. 10-12. And Plaintiffs responded to the April 19 order on May 19, 2022 by amending their complaint and through a written response. *See* Dkt. Nos. 13, 14.

Considering that Plaintiffs' May 19 filings still caused the undersigned to question whether there is subject matter jurisdiction or, if there is, whether the Court should nevertheless stay this proceeding under *Younger*, the Court stayed Defendants' deadline to respond to the amended complaint and ordered that they instead file a brief to address the April 19 order considering the amended complaint and Plaintiffs' May 19 response. *See* Dkt. No. 15.

They did, on June 20, 2022. *See* Dkt. No. 16. The same day, without obtaining either Defendants' written consent or the Court's leave, Plaintiffs filed a second amended complaint [Dkt. No. 17], which the Court ordered stricken and unfiled, *see* Dkt. No. 19; FED. R. CIV. P. 15(a)(1). And, while the Court allowed Plaintiffs until August 12, 2022 to respond to Defendants' June 20 brief, *see* Dkt. Nos. 21, 22, they instead filed their Notice on July 15, 2022.

---

[1] *See Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016) (*Younger* abstention "applies only to three exceptional categories of state proceedings: ongoing criminal prosecutions, certain civil enforcement proceedings akin to criminal prosecutions, and pending civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions." (cleaned up; quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (quoting, in turn, *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989)))).

## Legal Standards

Under Rule 41(a)(2), "[v]oluntary dismissals 'should be freely granted,' but a plaintiff's request will not be allowed if 'the non-moving party will suffer some plain legal prejudice.'" *Harris v. Devon Energy Prod. Co., L.P.*, 500 F. App'x 267, 268 (5th Cir. 2012) (per curiam) (quoting *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002)). "Plain legal prejudice may occur when the plaintiff moves to dismiss a suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case, or where a subsequent refiling of the suit would deprive the defendant of a limitations defense." *Id.* (citing *In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010)).

"The 'primary purpose' of this rule is to avoid 'voluntary dismissals which unfairly affect the other side.'" *Id.* (quoting *Elbaor*, 279 F.3d at 317). An example of which includes: "if a plaintiff 'fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal.'" *Id.* (quoting *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991)).

> On the other hand, plain legal prejudice does not include the mere prospect of a second suit or the mere incursion of expense. If the district court determines that an unconditional dismissal will cause the defendant plain legal prejudice, it may either deny the motion to dismiss or impose conditions that will cure the prejudice. The latter course may include dismissing the suit with prejudice.

*Id.* (citing *Elbaor*, 279 F.3d at 317 & n.3, 317-18, 319).

## Analysis

Through their responses to the Court's orders, Plaintiffs failed to clarify

whether the State Proceedings concluded prior to their filing this lawsuit on April 15. But Defendants have informed the Court that "[a] jury trial was held on April 26, 2022, in connection with [the subject] municipal court prosecutions, and after hearing the evidence, a jury found McGinnis guilty of the offenses at issue." Dkt. No. 24 at 2 (footnote omitted); *see also* Dkt. Nos. 16, 16-1, 16-2, 16-3.

So *Rooker-Feldman* does not bar jurisdiction here. *See Miller v. Dunn*, 35 F.4th 1007, 1010 (5th Cir. 2022) (The doctrine "applies only to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005))).

Nor is it clear, given the uncertain current posture of the State Proceedings – has McGinnis appealed? – whether abstention under *Younger* is warranted.

Nor is the Court in a position to *sua sponte* evaluate Plaintiffs' operative allegations under Rule 12(b)(6).

And, while Defendants have incurred expenses to defend this lawsuit, it remains at an early stage.

So the Court should not find that Defendants have "exerted significant time and effort" such that it should refuse to grant a voluntary dismissal or place conditions on its dismissal of this lawsuit. *Harris*, 500 F. App'x at 268; *see Budri v. FirstFleet, Inc.*, No. 3:17-cv-2945-C-BN, 2017 WL 6541460, at *3 (N.D. Tex. Dec. 4, 2017) ("[N]either that FirstFleet's Federal Rule of Civil Procedure 12(b)(6) motion

remains pending in this action nor its incursion of fees amounts to legal prejudice. In sum, dismissal of this action without prejudice would not cross the 'fine line ... between imposing "plain legal prejudice" and merely subjecting [FirstFleet] to another lawsuit.'" (quoting *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990))), *rec. accepted*, 2017 WL 6550687 (N.D. Tex. Dec. 21, 2017); *Saleh v. Time Warner Cable*, No. 3:16-cv-2782-G-BN, 2017 WL 979061, at *6 (N.D. Tex. Feb. 17, 2017) ("[N]either the short pendency of this action, nor the risk of a second action, nor TWC's incursion of expenses to defend this suit, nor even any desire by Saleh to refile this action hoping that it will be assigned to a different judge of this Court amounts to plain legal prejudice to TWC that requires that the Court [dismiss the action with prejudice or impose curative conditions]" (citation omitted)), *rec. accepted*, 2017 WL 958614 (N.D. Tex. Mar. 13, 2017); *Moore v. Crescent Med. Ctr.*, No. 3:16-cv-3362-M-BN, 2017 WL 3822753, at *4 (N.D. Tex. Aug. 7, 2017) (dismissing without prejudice under Rule 41(a)(2) even where a plaintiff's "litigation tactics ... frustrated [the defendant] and wasted judicial resources"), *rec. accepted*, 2017 WL 3726921 (N.D. Tex. Aug. 30, 2017).

## Recommendation

The Court should enter an order under Federal Rule of Civil Procedure 41(a)(2) dismissing this action without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 4, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE